ORIGINAL

FILED
U.S. DISTRICT COURT
2010 DEC 30 PM 4:07
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MARK STEPHEN THOMPSON, )
)
    Plaintiff, )
)
v. ) CV 310-062
)
BRIAN OWENS, Commissioner of )
Department of Corrections, et al., )
)
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Montgomery State Prison in Mt. Vernon, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Brian Owens, Commissioner of the Georgia of Corrections; (2) Billy Brown, Warden at Montgomery State

Prison; and (3) Thomas Gramiak, Deputy Warden of Security at Montgomery State Prison. (Doc. no. 1, p. 1.) Plaintiff alleges that on July 29, 2009, he was issued a medical profile setting forth the following limitation: "No work where there is exposure to fumes, extreme heat that may cause breathing problems." (Id. at 5 & Ex. B.) According to Plaintiff, despite this profile, he was assigned to the kitchen detail some time in July or August of 2009, which purportedly exposed him to the conditions specified in his medical profile. (Id.) Specifically, Plaintiff alleges that he was initially required to wash serving trays, and was later transferred to a "pots and pans" detail that required him work around "industrial cleaners, degreasers, sanitizers, and other chemicals along with hot water . . . ." (Id.)

Plaintiff asserts that he attempted to address the issue with the medical department, but that he was told that "it was up to the prison administration to comply with medical profiles." (Id. at 6.) Plaintiff states that he discussed the issue with Defendant Gramiak without a satisfactory resolution. (Id. at 5-6.) Plaintiff further alleges that he has unsuccessfully submitted grievances regarding this issue, and has appealed the denial of those grievances. (Id.) Plaintiff acknowledges that his work detail was changed on February 8, 2010 such that he is no longer required to do work that contravenes the recommendations in his medical profile. (Id. at 6.)

Plaintiff alleges that Defendants' failure to follow the work limitations in his medical file has caused him to suffer increased breathing problems. (Id. at 5.) Plaintiff requests monetary damages as well as an injunction requiring Defendants to comply with his medical profile. (Id. at 7.)

2

## II. DISCUSSION

### A. Official Capacity Claims for Monetary Damages

Plaintiff appears to attempt to proceed against Defendants Brown and Gramiak in their official and individual capacities. As noted above, Plaintiff seeks both injunctive relief and monetary damages in his complaint, but it is not clear upon which claims he seeks injunctive relief and upon which claims he seeks money damages. Notably, however, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, to the extent that Plaintiff seeks monetary relief from Defendants Brown and Gramiak on official-capacity claims, such claims must fail.[1]

### B. Claims Against Defendant Owens

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against Defendant Owens.

First, Plaintiff does not mention Defendant Owens in his complaint aside from naming him in the caption as the Commissioner of the Georgia Department of Corrections. However, "Section 1983 requires proof of an affirmative causal connection between the

---

[1] To be clear, the Court's conclusion as to this matter should not result in the dismissal of either Defendant Brown or Defendant Gramiak from this case. Monetary damages are a permissible form of relief with respect to individual-capacity claims against Defendants Brown and Gramiak, and injunctive relief is a permissible remedy with respect to official-capacity claims against those Defendants. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 & n.10 (1989) (noting that injunctive relief, but not damages, may be awarded in § 1983 official-capacity claims against state officials). Thus, the Court emphasizes that the only remedy that will be available to Plaintiff for his official capacity claims – if he prevails on such claims – will be injunctive relief.

3

actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendant Owens and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis, Defendant Owens should be dismissed.

Moreover, Plaintiff's claims against Defendant Owens are also inadequate to the extent that Plaintiff is attempting to assert a claim against Defendant Owens for the acts of his subordinates – the other Defendants in this case – against whom Plaintiff directs allegations of disregarding his medical profile in making work assignments. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504

4

(4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, the only mention of Defendant Owens is in the caption of Plaintiff's complaint, and nowhere does Plaintiff mention that Defendant Owens actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between Defendant Owens and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the

---

[2]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

5

supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has offered no allegations suggesting that Defendant Owens knew about any widespread abuse or that he was responsible for a custom or policy of disregarding medical profiles. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Owens, and Defendant Owens should therefore be dismissed from this case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Owens be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED this 30th day of December, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Brown and Gramiak based on Plaintiff's Eighth Amendment claim for deliberate indifference.

6