ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARK STEPHEN THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) CV 310-062 |
| BRIAN OWENS, Commissioner of Department of Corrections, et al., | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 14). The Magistrate Judge recommended that Defendant Owens be dismissed because Plaintiff had failed to allege a causal connection between actions taken by Defendant Owens and the alleged violation of Plaintiff's Eighth Amendment rights; the Magistrate Judge also noted that Defendant Owens could not be held liable under § 1983 for the acts of his subordinates based on a theory of *respondeat superior*. (Doc. no. 10, pp. 3-4.) In addition, the Magistrate Judge recommended the dismissal of any official capacity claims for monetary damages against Defendants Brown and Gramiak, against whom Plaintiff was allowed to proceed with claims of deliberate indifference to his health. (Id.)

In his objections, Plaintiff argues that Defendant Owens should be held responsible for the actions of his subordinates because they "act upon the directives and standard operating procedures of the [Department] of Corrections," for which Defendant Owens serves as Commissioner. (Doc. no. 14, p. 6.) This objection is insufficient to justify

departing from the Magistrate Judge's conclusion that Plaintiff has failed to state a claim against Defendant Owens. As noted by the Magistrate Judge, a supervisory official may be liable under § 1983 where his "custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). Here, Plaintiff has broadly asserted that Defendant Owens' subordinates act pursuant to unspecified regulations promulgated the Georgia Department of Corrections. However, Plaintiff has not alleged that these prison regulations were the cause of the actions that he claims to have violated his constitutional rights. Accordingly, Plaintiff has failed to state a claim against Defendant Owens for the reasons stated in the R&R, and this objection is **OVERRULED**. See Hartley, 193 F.3d at 1269. The other objections asserted by Plaintiff also lack merit, and are likewise **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant Owens, along with any official capacity claims for monetary damages against Defendants Brown and Gramiak, are **DISMISSED** from this case.

Notably, however, as part of his objections, Plaintiff has provided the Court with additional allegations regarding his claims and request for relief against Defendants Brown and Gramiak. (Doc. no. 14.) It is not clear whether Plaintiff is merely attempting to flesh out his claims with more detail or to actually amend his pleadings pursuant to Federal Rule of Civil Procedure 15. To the extent that Plaintiff does intend to amend his pleadings, it is improper to do so in a piecemeal manner. Rather, the preferred method for amending a complaint is to include all allegations in one document.

If Plaintiff wants to amend his complaint, Plaintiff may file a separate motion requesting to amend his pleadings pursuant to Federal Rule of Civil Procedure 15. If Plaintiff decides to file such a motion, he must include a proposed amended complaint setting forth all of his allegations in one document. Plaintiff should be aware that if he chooses to file a motion to amend his pleadings, and if such motion is granted, his amended complaint shall supersede and replace in its entirety Plaintiff's original complaint.[1] Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

SO ORDERED this 15th day of February, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court is mindful that Plaintiff has also filed a motion for a preliminary injunction. (Doc. no. 13.) That motion will be addressed by the Magistrate Judge in the normal course of business.