IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK STEPHEN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-062 |
| | ) | |
| THOMAS GRAMIAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate who was incarcerated at Montgomery State Prison ("MSP") in Mount Vernon, Georgia when this action commenced,[1] filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and is proceeding *in forma pauperis*. The matter is presently before the Court on Plaintiff's "Request for Preliminary Injunction," in which Plaintiff requests a transfer to a different prison facility. (Doc. no. 13.) In Defendant Gramiak's initial response to the motion, he argued that it should be denied on the merits. (Doc. no. 16.) In a supplemental response, Defendant Gramiak attests that Plaintiff has been transferred and argues that the motion for a preliminary injunction is therefore moot. (Doc. no. 21.) Also, Plaintiff has filed a "motion," addressed in a separate Order, which the Court has construed as a reply to Defendant's responses.[2] (Doc. no. 22.) For the reasons set forth

---

[1] Plaintiff was recently transferred to Rogers State Prison ("RSP") located in Reidsville, Georgia. (Doc. no. 21.)

[2] While the precise relief sought in this "motion" is unclear, the Court has taken the assertions made by Plaintiff in this motion into consideration in addressing Plaintiff's motion

below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED AS MOOT**.

I. **BACKGROUND**

In his complaint, Plaintiff alleges that Defendants caused Plaintiff to be assigned to work details that have resulted in exposure to fumes and extreme heat, despite a medical profile setting forth the following limitation: "No work where there is exposure to fumes, extreme heat that may cause breathing problems." (Doc. no. 1, p. 5 & Ex. B.) According to Plaintiff, Defendants' failure to follow the work limitations in his medical file has caused him to suffer increased breathing problems. (Id. at 5.) Following the initial screening of Plaintiff's complaint, the Court allowed Plaintiff to proceed with his Eighth Amendment claim against Defendants for their alleged deliberate indifference to his health.[3] (Doc. no. 12.)

II. **DISCUSSION**

A. **Plaintiff's Motion for a Preliminary Injunction is Moot**

An inmate's claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory

---

for a preliminary injunction.

[3]Both Defendants have returned executed waivers of service and are still within the time limit for filing their answers to the complaint. (Doc. nos. 18, 19.)

2

relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Moreover, a claim for injunctive relief typically becomes moot when the relief requested has already been granted. Cook v. Randolph County, 573 F.3d 1143, 1156 & n.7 (11th Cir. 2009).

Here, the only relief requested in Plaintiff's motion for a preliminary injunction is that he be transferred to another prison. (Doc. no. 13, pp. 1, 3.) Defendant Gramiak has shown that Plaintiff was transferred to RSP on February 25, 2011, following a request by Plaintiff to be placed in protective custody to avoid an incident with another inmate. (Doc. no. 21, p. 2 & Ex. A, Gramiak Aff. ¶ 6; see also doc. no. 20 (statement by Plaintiff that he has transferred to RSP).) Therefore, Plaintiff's motion for a preliminary injunction is moot and should be denied as such.

### B. Plaintiff's Motion for a Preliminary Injunction Would Be Subject to Denial Even If It Were Not Moot

Furthermore, Plaintiff would not be entitled to a preliminary injunction even if his motion were justiciable. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as

3

to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Plaintiff offers no evidentiary support for his motion, but states that he will likely show a violation of his constitutional rights by producing medical records, detail assignment sheets, and safety data on the chemicals that he has been exposed to in his work details. (Doc. no. 1, p. 2.) However, this assertion of likely success on the merits is based on evidence that Plaintiff plans to obtain and produce; such speculation about evidence that Plaintiff may obtain in the future is insufficient to show substantial likelihood of success on the merits. Moreover, Defendant Gramiak has produced evidence -- in the form of Plaintiff's medical profile history and work detail assignments -- suggesting that Plaintiff's medical profile changed several times during his confinement at MSP and that prison officials have modified his work detail assignments as his medical profile changed.[4] (See doc. no. 16, Ex. 1, Gramiak Aff. ¶¶ 7-10.) Given Plaintiff's insufficient showing and the information provided by Defendant Gramiak, the Court finds that Plaintiff has failed, at this juncture, to establish a likelihood of success on the merits.

---

[4]In the filing that the Court has construed as a reply by Plaintiff concerning the instant motion, Plaintiff disputes Defendant Gramiak's assertion that Plaintiff is unlikely to succeed on the merits of his claim. (See doc. no. 22, p. 2.) In particular, Plaintiff challenges the evidence provided by Defendant Gramiak as inaccurate and asserts that he has not been promptly assigned to appropriate work details. (See id. at 1-3.) Notably, however, while Plaintiff has attacked Defendant Gramiak's evidence and arguments in his reply, he has not responded with his own evidence showing that he is likely to succeed on the merits. Because Plaintiff has the burden of persuasion with regard to each element of the preliminary injunction inquiry, his attacks on Defendant Gramiak's evidence are insufficient for him to show a likelihood of success on the merits.

4

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). With regard to this requirement, Plaintiff merely asserts, without elaboration, that he "is likely to continue to suffer the irreparable harm which has continued and likely will continue." (Doc. no. 1, pp. 2-3.) As noted above, the information Defendant Gramiak produced suggests that prison officials have made changes to Plaintiff's work detail assignments as his medical profile has changed. (See doc. no. 16, Ex. 1, Gramiak Aff. ¶¶ 7-10.) For example, Defendant Gramiak states that following Plaintiff's medical profile regarding exposure to heat and chemicals, Plaintiff was assigned to work as a dorm orderly and he was given tasks such as straightening shoes and making beds so that he would not be exposed to chemicals, fumes, or dust. (Id.) In light of these facts, along with the fact that Plaintiff has been transferred to a different prison where the named Defendants no longer control his work detail, it is apparent that Plaintiff's contention that irreparable injury will be suffered unless the injunction issues is premised on conclusory allegations and speculation that he might receive a work detail in the future that runs afoul of his medical profile. Because this is not sufficient to show the likelihood of

5

irreparable injury, Plaintiff's motion for a preliminary injunction is without merit.

As for the final two elements of the preliminary injunction inquiry, Plaintiff has merely stated in conclusory fashion that the threatened harm outweighs the damage the proposed injunction may cause Defendant Gramiak and that the injunction will serve the public interest by resolving the issue. (Doc. no. 13, p. 3.) This is inadequate for Plaintiff to carry his burden of persuasion as to these elements, especially in light of the fact that state prison officials are entitled to significant deference from federal courts, which should refrain from needless interference in the administration of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973). Lastly, the Court notes that Plaintiff's requested relief is a Court-ordered transfer away from MSP; however, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Montanye v. Haymes, 427 U.S. 236, 242-43 (1976).

In sum, Plaintiff has not satisfied the requisite elements for a preliminary injunction. Accordingly, even if his motion were not moot, it would be subject to denial.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED AS MOOT**. (Doc. no. 13.)

SO REPORTED and RECOMMENDED this 25th day of March, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE