IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MARK STEPHEN THOMPSON, )
)
    Plaintiff, )
)
v. ) CV 310-062
)
THOMAS GRAMIAK, et al., )
)
    Defendants. )

---

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 27).[1] Plaintiff's objections are plainly without merit. In light of the fact that Plaintiff has been transferred from Montgomery State Prison ("MSP") to Rogers State Prison, his motion for a preliminary injunction against officials at MSP is moot, as explained in detail in the R&R. (See doc. no. 25, pp. 2-3.) According, these objections are **OVERRULED**.

In addition, certain of Plaintiff's objections appear to relate to an Order, issued simultaneously with the R&R, in which the Magistrate Judge construed Plaintiff's "Motion

---

[1] Following issuance of the R&R, Plaintiff filed a document entitled "Response to Defendant Letter Received on March 23, 2011." (Doc. no. 27.) Despite the title of this document, it appears to set forth objections to the R&R, as noted by Defendants in their response to the filing. (Doc. no. 30.) Because Plaintiff's "Response to Defendant Letter Received on March 23, 2011" is not properly construed as a motion, the **CLERK** is **DIRECTED** to **TERMINATE** the motion from the motions report. (Doc. no. 27.)

for an Order Allowing the Plaintiff to Pursue an Appeal Motion for Reconsideration" as a reply brief and found it to be moot.[2] (Doc. no. 24.) Because these objections relate to nondispositive matters, the Court will only modify or set aside portions of the Order that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 Fed. Appx. 102, 104 n.1 (11th Cir. 2010); Knox v. Hayes, 933 F. Supp. 1573, 1576 & n.1 (S.D. Ga. 1995). Plaintiff's objections primarily consist of complaints regarding the evidentiary material submitted by Defendant Gramiak in his response to Plaintiff's motion for a preliminary injunction. These objections, to the extent that they are discernable, offer nothing that calls into question the Magistrate Judge's disposition of Plaintiff's "motion." Accordingly, to the extent that Plaintiff objects to the to the March 25, 2011 Order, such objections are **OVERRULED**.

In sum, all of the objections asserted by Plaintiff in his April 1st filing lack merit. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion for a preliminary injunction is **DENIED AS MOOT**. (Doc. no. 13.)

SO ORDERED this ___ day of _____, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Magistrate Judge further found that, to the extent that Plaintiff sought a re-screening of his complaint, he was not entitled to such relief. (Doc. no. 24.)