ORIGINAL
FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAR 29 P 4: 00
CLERK _____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK STEPHEN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-062 |
| | ) | |
| THOMAS GRAMIAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. Plaintiff claims that Defendants violated his Eighth Amendment rights by assigning him to a work detail that exposed him to conditions that were restricted in his medical profile. (Doc. no. 1.) The parties filed cross motions for summary judgment, and the Magistrate Judge recommended that Defendants' motion be granted and that Plaintiff's motion be denied. (Doc. no. 47.)

Plaintiff requested, and was granted, an extension of time in which to object to the R&R. (Doc. nos. 49, 50.) However, in lieu of filing objections, Plaintiff filed a motion for appointment of counsel. (Doc. no. 51.) This is Plaintiff's fourth such motion in this case; the prior three were denied by the Magistrate Judge. (Doc. nos. 9, 35, 44.) Plaintiff asks the Court to appoint him counsel because he cannot afford to hire an attorney and prison officials only allow him limited time in the law library. (Doc. no. 51, pp. 1-2.) He also asserts that

the issues in this case are complex and that an attorney is needed to help with the presentation of evidence and cross-examination at trial. (Id.)

Because the instant motion is similar in substance to Plaintiff's previous motions requesting appointment of counsel, the same analysis provided by the Magistrate Judge in denying the previous motions applies here. As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

Contrary to Plaintiff's assertions, this case involves straightforward Eighth Amendment deliberate indifference claims. Moreover, Plaintiff has shown himself capable of communicating with the Court and "presenting the essential merits of his . . . position," which is a key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Plaintiff's concerns about presenting evidence and examining witnesses at trial are likewise insufficient to warrant appointment of counsel. Because Defendants have shown that they are entitled to summary judgment for the reasons set forth in the R&R, there will not be a trial in this case. Therefore, Plaintiff's fourth motion for appointment of counsel is **DENIED**. (Doc. no. 51.)

As noted previously, Plaintiff has not filed objections to the R&R, despite being granted an extension of time in which to do so. Accordingly, the R&R of the Magistrate

Judge is **ADOPTED** as the opinion of the Court.  Therefore, Defendants' motion for summary judgment is **GRANTED** (doc. no. 37), and Plaintiff's motion for summary judgment is **DENIED** (doc. no. 40).  As a result, a final judgment shall be **ENTERED** in favor of Defendants, and this civil action shall be **CLOSED**.

SO ORDERED this 29th day of March, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE